IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SYDNEY HUMPHREY, on behalf of herself and others similarly situated, | § § § | CIVIL ACTION NO. 19-1401 |
| *Plaintiff*, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| BOO COMPANY, INC., VCC MANAGEMENT LLC, VCCSA, LLC, all d/b/a VOGUE COLLEGE OF COSMETOLOGY, and TEENA BALL | § § § § § § | COLLECTIVE ACTION |
| *Defendants.* | § | |

## COLLECTIVE ACTION COMPLAINT

1. Boo Company, Inc., VCC Management LLC, VCCSA, LLC, all doing business as Vogue College of Cosmetology ("Vogue") a private beauty and cosmetology school, and Teena Ball ("Ms. Ball") (collectively, hereinafter "Defendants"), violated the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Sydney Humphrey ("Plaintiff" or "Ms. Humphrey") and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Ms. Humphrey worked for Defendants as an instructor and was damaged by those illegal policies or practices. In short, Ms. Humphrey was denied the timely overtime compensation she was due under the FLSA. Ms. Humphrey brings this lawsuit on behalf of herself and all other similarly situated current or former hourly-paid instructors, to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to her individually and on behalf of other similarly situated individuals.

1

## I.     JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in San Antonio, Texas.  28 U. S. C. § 1391(b)(2).

## II.     THE PARTIES

5. Ms. Humphrey worked for Defendants as an instructor for several years.  She was tasked with teaching cosmetology and esthetic courses at the school, as well as assisting with clients, and ordering inventory for classrooms.  She regularly worked in excess of 40 hours per week without receiving all the compensation she was due under the FLSA.  Plaintiff Sydney Humphrey's FLSA consent is attached as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former hourly-paid instructions, who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Boo Company, Inc., doing business as Vogue College of Cosmetology, is a domestic for-profit company with a principal place of business at 1101 S. Cap. Of Texas Highway, Building K, Suite 150, Austin Texas 78746, which is engaged in commerce in the United States and is otherwise subject to the FLSA.  Upon information and belief, Defendant Boo Company, Inc. employed Plaintiff and Members of the Class within the meaning of the FLSA. Defendant Boo Company, Inc. may be served with process by serving its Registered Agent, Teena Ball at 1106 S. Capital of TX Hwy, Building K, Suite 150, Austin, Texas 78746.

8. Defendant VCC Management, LLC, doing business as Vogue College of Cosmetology, is a domestic for-profit company with a principal place of business at 1101 S. Cap. Of Texas Highway, Building K, Suite 150, Austin Texas 78746, which is engaged in commerce in the United States and is otherwise subject to the FLSA. Upon information and belief, Defendant VCC Management, LLC employed Plaintiff and Members of the Class within the meaning of the FLSA. Defendant VCC Management, LLC may be served with process by serving its Registered Agent, Teena Ball at 1106 S. Capital of TX Hwy, Building K, Suite 150, Austin, Texas 78746.

9. Defendant VCCSA, LLC, doing business as Vogue College of Cosmetology, is a domestic for-profit company with a principal place of business at 1101 S. Cap. Of Texas Highway, Building K, Suite 150, Austin Texas 78746, which is engaged in commerce in the United States and is otherwise subject to the FLSA. Upon information and belief, Defendant VCCSA, LLC employed Plaintiff and Members of the Class within the meaning of the FLSA. Defendant VCCSA, LLC may be served with process by serving its Registered Agent, Teena Ball at 1106 S. Capital of TX Hwy, Building K, Suite 150, Austin, Texas 78746.

10. Defendant Teena Ball is the owner and a principal of Defendants Boo Company, Inc., VCC Management, LLC, and VCCSA, LLC—all doing business as Vogue College of Cosmetology. She is an individual residing in Austin, Texas. Defendant Ball, upon information and belief, possessed control over Vogue College of Cosmetology's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Defendant Ball directly affected the employment-related factors such as workplace conditions and/or operation, personnel, and/or compensation. Defendant Teena Ball be may be served with process at 4011 Westlake Dr., Austin, Texas 78746.

## III.    BACKGROUND

11.    The preceding paragraphs are incorporated by reference.

12.    Defendants own and operate a cosmetology school, which offers programs to students interested in careers in the beauty industry.  Defendants offer curriculum for students to become licensed in cosmetology, esthetics, and/or nail technology.  Defendants employ instructors to implement and teach the curriculum to the students.  Additionally, Defendants offer salon and spa services to clients, where the students can gain practical experience working with clients, while under the supervision of their instructors.  Upon information and belief, Defendants employ other instructors similarly situated to Plaintiff to teach their courses and supervise and assist with clients.

13.    Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per week.  However, Defendants did not pay their instructors one and one-half times their regular rate for all hours in excess of 40 each week.  Instead, Defendants only paid their instructors straight-time pay (no overtime) for all hours worked, including the hours worked in excess of 40 hours each week.  As a result, Defendants fail to properly compensate their employees under the FLSA.

## IV.    PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A.    Defendants Failed to Properly Pay Regular and Overtime Compensation.*

14.    The preceding paragraphs are incorporated by reference.

15.    Plaintiff worked for Defendants as an instructor, where she created lesson plans and taught cosmetology and esthetic course.  Plaintiff was also tasked with opening and closing the school, ordering supplies and inventory, and supervising students and assisting with clients.  During her employment with Defendants, Plaintiff frequently worked five consecutive days during

a workweek, Tuesday through Saturday.  In a workweek, Plaintiff often worked approximately 50 hours or more.

16. During Plaintiff's employment, Defendant paid Plaintiff a set hourly rate for each hour worked, and Plaintiff was paid bi-weekly. Defendants paid plaintiff straight-time pay only (no overtime) for all hours worked, including the hours worked in excess of 40 hours per workweek.

17. The FLSA and applicable regulations require that non-exempt individuals like Plaintiff and Members of the Class receive at least minimum wage for all hours suffered or permitted to work, as well as overtime compensation at a rate of 1.5 times their regularly hourly rate for all hours worked over 40 in a workweek.  Defendants should have paid Plaintiff for 40 hours of regular pay and at least 10 hours or more of overtime compensation in a typical week, but Defendants failed to pay Plaintiff that amount.

18. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which she is rightfully entitled.

### B. *Defendants Willfully Violated the FLSA.*

19. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work.  In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff.  Defendants failed to follow these rules when paying Plaintiff.

20. Defendants have or had a policy and/or practice of not paying their employees for all of the regular time and overtime they worked each week at the proper rate.  Defendants should

have paid their employees overtime compensation at one and one-half times their regular rates for all hours worked in excess of 40 hours per workweek.

21. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### V.   FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

22. The preceding paragraphs are incorporated by reference.

23. Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiff, Members of the Class are employed by Defendants as Instructors, who performed the same duties as Plaintiff, as described above. As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

24. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

25. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

26. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid Instructors who were employed by Defendants during the three-year period preceding the filing of this complaint.**

27. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

28. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.   CAUSES OF ACTION

29. The preceding paragraphs are incorporated by reference.

30. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing properly compensate for overtime hours, as described above.  29 U.S.C. §§ 206, 207.

31. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207, 216 (b).

32. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages.  29 U.S.C. § 216(b).

33. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  *Id*.

## VII.   JURY DEMAND

34. Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Boo Company, Inc., VCC Management LLC, VCCSA, LLC, all doing business as Vogue College of Cosmetology, and Teena Ball for:

1. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 3rd day of December, 2019.

Respectfully submitted,

By: /s/ Robert W. Cowan
Robert W. Cowan
Texas Bar No. 24031976
Katie R. McGregor
Texas Bar No. 24098079
BAILEY COWAN HECKAMAN PLLC
5555 San Felipe St., Suite 900
Houston, Texas 77056
Phone: 713-425-7100
Fax: 713-425-7101
rcowan@bchlaw.com
kmcgregor@bchlaw.com

*Attorneys for Plaintiff*